IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:01-CR-0843-JOF |
| | : | |
| CRAIG REESE MITCHELL, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion for a certificate of appealability [75-1].

Petitioner, Craig Reese Mitchell, pled guilty to possession of a firearm by a convicted felon. He waived his right to appeal his sentence but reserved his right to appeal the court's denial of his motion to suppress. Petitioner was sentenced to 100 months' imprisonment and three years' supervised release. The Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on August 29, 2003. The Court of Appeals found that the district court properly denied Petitioner's motion to suppress because no *Franks* violation had occurred, the informant's reliability was established, and the good faith exception under *Leon* applied.

AO 72A
(Rev.8/82)

On January 10, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contended that his counsel was ineffective for failing to object to the enhancement of his sentence under U.S.S.G. § 2K2.1(b)(5). Petitioner averred that his upward enhancement for possession of a firearm in connection with another felony was improper because the Government did not provide any evidence to support the enhancement. Petitioner also contended that the enhancement was a violation of the Sixth Amendment as articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

In an order dated April 11, 2005, the court found that Petitioner had waived his right to appeal or collaterally attack his sentence. *See* Order dated April 11, 2005, at 3. The court also noted that Petitioner could not raise any *Blakely* challenge because his sentence became final before the Supreme Court issued its opinions in *Blakely* and *Booker/Fanfan*. *Id.* In another order dated June 22, 2005, the court also found that based on additional information provided by Petitioner, his § 2255 motion was not untimely.

The Eleventh Circuit has set forth the following instructions when considering a certificate of appealability:

> In *Slack*, the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find

2

> it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin*, 215 F.3d at 1199 (quoting *Slack*, 529 U.S. at 483, 120 S. Ct. at 1604).

*Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

In his motion for a certificate of appealability, Petitioner contends that the enhancement of his sentence under U.S.S.G. § 2K2.1(b)(5) was excepted from his plea agreement waiver of right to appeal or collaterally attack his sentence. Petitioner's plea agreement, however, excepts only "upward departures" from his appeal waiver. An enhancement of a sentence under U.S.S.G. § 2K2.1(b)(5) is not an "upward departure" in the Sentencing Guidelines. *See* U.S.S.G. §§ 4A1.3, 5K2.0.

Having reviewed Petitioner's claims, the court determines that Petitioner has not demonstrated that the issues are debatable among reasonable jurists; that a court *could* resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court DENIES Petitioner's motion for a certificate of appealability [75-1].

**IT IS SO ORDERED** this 6th day of January 2006.

                                                  s/ J. Owen Forrester
                                                  J. OWEN FORRESTER
                                  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)